


**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| Christi Padgett, Administrator of the Estate of Courtney Ashley, | ) | |
| Plaintiff. | ) | Civil Action No.: |
| v. | ) | JURY TRIAL DEMANDED |
| Slice, LLC, | ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Christi Padgett, as Administrator of the Estate of Courtney Ashley, ("Plaintiff") by and through her undersigned counsel, and hereby files this Complaint against Slice, LLC ("Defendant") and seeks redress for discrimination suffered in Courtney Ashley's capacity as an employee of the Defendant. Courtney Ashley, the deceased, has been discriminated against by the Defendant on account of her gender, in violation of **Title VII** of the Civil Rights Act of 1964, as amended, **42 U.S.C §§ 2000e *et seq,*** and any other cause(s) of action that can be inferred from the facts set forth herein and states the following:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(3), 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4).
2. The unlawful employment acts and other acts alleged herein took place within the Southern Division of the Northern District of Alabama.
3. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

4. Christi Padgett, Administrator of the Estate of Courtney Ashley, is over the age of nineteen (19) and is domiciled in the State of Alabama.
5. Courtney Ashley, the deceased, was over the age of nineteen (19) at the time of her death and was domiciled in the State of Alabama.
6. At all relevant times, Courtney Ashley was an "employee" of the Defendant under Title VII.
7. The Defendant is a domestic Limited Liability Company licensed to do business in the State of Alabama.
8. At all relevant times, Defendant was an "employer" under Title VII
9. Defendant employs over 15 employees and is subject to Title VII.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS OF TITLE VII

10. Plaintiff has complied with the jurisdictional requirements of Title VII that on to wit: Prior to her death, Courtney Ashley caused a Charge of Discrimination in employment to be filed with the Equal Employment Opportunity Commission (hereinafter sometimes referred to as the "EEOC") in accordance with Section 705 of Title VII.

11. A Notification of Right to Sue letter was issued and this Complaint has been filed within ninety (90) days of receipt of said Notification of Right to Sue. A copy of the notice is attached as Exhibit 1.

## GENERAL FACTS

12. Courtney Ashley was employed by the Defendant beginning around October of 2020.

13. Courtney Ashley was hired to work in the position of server/bartender at the Defendant's Lakeview location.

14. Courtney Ashley resigned her employment with the Defendant on or around November 13, 2020 due to fear for her physical safety.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000E ET SEQ.

### (Hostile Work Environment – Sexual Harassment)

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14

above, as if fully set out herein.

16. Courtney Ashley was a female and a member of a protected class.

17. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. as Defendant has engaged in the practice of a hostile work environment against Courtney Ashley which male employees were not subjected to.

18. Throughout her employment, from the beginning of October of 2020 until November 13, 2020, Jason Bajalieh, one of the owners, began making inappropriate comments towards Courtney Ashley.

19. Jason Bajalieh initially limited his comments to Courtney Ashley to his home life.

20. However, throughout her employment with the Defendant, Jason Bajalieh's comments towards Courtney Ashley became increasingly offensive and sexual in nature.

21. Jason Bajalieh told Courtney Ashley how good her butt looked at work.

22. Jason Bajalieh told Courtney Ashley he wanted to see "[her] ass on top of him."

23. Around the beginning of November of 2020, Jason Bajalieh's comments and actions became increasingly aggressive and inappropriate.

24. On one occasion, Jason Bajalieh asked Courtney Ashley to go into the alley

between the Defendant's building and Moe's BBQ.

25. Jason Bajalieh instructed Courtney Ashley to see if anyone was seated outside at Moe's BBQ, as the Defendant refrained from lighting its outdoor fireplace when the smoke would blow towards patrons of Moe's BBQ.

26. Jason Bajalieh followed Courtney Ashley into the dark alley, grabbed her from behind, and pulled her towards him.

27. Jason Bajalieh then forcibly stuck his tongue down Courtney Ashley's throat and grabbed her buttocks.

28. When Courtney Ashley pulled away, Jason Bajalieh said "do not tell anyone."

29. This caused Courtney Ashley to fear for her physical safety.

30. When Courtney Ashley returned to work from the alley, she was distressed and dropped a tray of drinks.

31. On another occasion, Jason Bajalieh followed Courtney Ashley into the Defendant's outdoor storage room.

32. Jason Bajalieh put his hands between Courtney Ashley's legs and told her he wanted to "find out what she feels like."

33. Jason Bajalieh further stated that Courtney Ashley's boyfriend did not have to find out, just like his wife did not have to.

34. That same day, Jason Bajalieh said, "I bet you get so wet and I am going to

find out."

35. Courtney Ashley's fear for her physical safety became so overwhelming that she would arrive to work crying and shaking.

36. Courtney Ashley told Omar Cribbs, the General Manager, about the inappropriate comments and unwanted sexual advances made by Jason Bajalieh.

37. Mr. Cribbs later informed Courtney Ashley that he had spoken with Jason Bajalieh, but that Jason Bajalieh was still the owner of the Defendant.

38. Courtney Ashley understood this to mean that Jason Bajalieh would still be at the store daily.

39. Courtney Ashley felt increasingly concerned for her safety, as she was unsure of what Jason Bajalieh would do.

40. Courtney Ashley received a Facebook message from Jason Bajalieh that said, "You ready?"

41. This again increased Courtney Ashley's fear for her physical safety.

42. Further, Jason Bajalieh obtained Courtney Ashley's personal cell phone number from her employee file and repeatedly called and texted her.

43. Jason Bajalieh told Courtney Ashley she could move up in the company if she complied with his advances.

44. Jason Bajalieh said, "You have to remember, I own this place."

45. Courtney Ashley felt as though she had no other choice but to resign her employment around November 13, 2020.

46. Courtney Ashley was unable to complete her essential job function and the terms of her employment were altered due to the constant inappropriate comments and physically threatening sexual advances to which she was subjected, and to which male employees were not subjected.

47. The Defendant, through Jason Bajalieh as an owner, created a hostile work environment based on Courtney Ashley's sex that was severe and pervasive enough to alter the terms of her employment.

48. Courtney Ashley was unable to complete her job due to the stress, fear of verbal and mental abuse, and threat of physical harm to her person.

49. Defendant's discriminatory action(s) against Courtney Ashley in violation of Courtney Ashley's rights under Title VII of the Civil Rights Act of 1964, as amended, were intentional and were done with malice and reckless disregard for Courtney Ashley's rights as guaranteed under the laws of the United States and, as such, the Estate, as Representative of Courtney Ashley, is entitled to punitive damages.

50. Courtney Ashley suffered emotional distress, loss of self-esteem and other damages as a direct result of Defendant's unlawful discrimination.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring the Defendant's past practices herein complained of to be unlawful.

B. Order Defendant to institute and carry out policies, practices, and programs providing equal employment opportunities for employees and eradicating the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole the Estate of Courtney Ashley by providing other affirmative relief necessary to eradicate the effects of Defendant’s unlawful employment practices.

D. Order Defendant to make whole the Estate of Courtney Ashley by providing compensation for pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, punitive damages, and inconvenience, in amounts to be determined at trial.

E. Grant such further relief as the Court deems necessary and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury.

Respectfully submitted,

*/s/Jeremy Schatz*
D. Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*

*/s/ Ray Foushee*
Raymond Foushee
ASB-9344-X13G
*Attorney for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
100 41st Street South, Suite A
Birmingham, AL 35222
js@vlgal.com
rf@vlgal.com

**CLERK: PLEASE SERVE VIA CERTIFIED MAIL:**

Slice, LLC
C/O Jason Bajalieh
725 29th Street South
Birmingham, AL 35233

# Exhibit 1

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 651-7020
FAX (205) 212-2105
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

*Issued on: May 12, 2022*

**To:** Ms. Courtney Ashley
100 41st Street South Suite A
Birmingham, AL 35222

Charge No: 420-2021-00899

EEOC Representative and email: VICTOR MARTINEZ
Investigator
Victor.martinez@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 420-2021-00899.

On behalf of the Commission,

SHERI GUENSTER Digitally signed by SHERI GUENSTER
Date: 2022.05.12 09:24:17 -05'00'

*/for* Bradley A. Anderson
District Director

**Cc:**
Andrew C Allen
The Law Offices of Andrew C. Allen
aallen@acallenlaw.com

Human Resources
SLICE PIZZA AND BREW
david@edgelawyers.com

Jeremy Schatz
VIRTUS LAW GROUP
js@vlgal.com

Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a “FOIA Request” or a “Section 83 Request” for Charge Number 420-2021-00899 to the District Director at Bradley Anderson, 1130 22nd Street South Suite 2000

Birmingham, AL 35205.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.